

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,404

**EX PARTE ROMAN LEE WALKER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2008-CR-11690 IN THE 226TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault causing bodily injury and sentenced to twenty years' imprisonment.

Applicant contends that even though he timely filed a *pro se* notice of appeal, the Fourth Court of Appeals dismissed his appeal for lack of jurisdiction. *Walker v. State*, No. 04-10-157-CR (Tex. App.–San Antonio, March 3, 2010).

The trial court has determined that Applicant filed a *pro se* notice of appeal in the Fourth

Court of Appeals on April 23, 2009 (seven days after the date of his conviction). That notice of appeal was not sent to the trial court until January 25, 2010. "If the notice of appeal is received in the court of appeals, the clerk of that court shall immediately record on the notice the date that it was received and send the notice to the trial court clerk." Tex. R. App. Pro. 25.2(c)(1). The clerk of the Fourth Court of Appeals failed to timely forward the notice of appeal to the trial court as required by the Rules of Appellate Procedure.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2008-CR-11690 from the Fourth Judicial District Court of Bexar County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: August 25, 2010
Do Not Publish